# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-mj-2158-LL |
| Plaintiff | DETENTION ORDER |
| v. | |
| DAYVIEON LASHAWN CRAWFORD, | |
| Defendant. | |

In accordance with section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), a detention hearing was held on June 6, 2019, to determine whether defendant Dayvieon Lashawn Crawford ("Defendant") should be held in custody pending trial on the grounds that he poses a flight risk and danger to the community. At the detention hearing, Assistant United States Attorney Mario J. Peia appeared on behalf of the United States and attorney Emerson Wheat appeared on behalf of Defendant.

Based on the evidence proffered by the United States, the evidence proffered by the defense, the pretrial services report, and the complaint, the Court concludes the following: (1) the Government met its burden to demonstrate by clear and convincing evidence that that Defendant is a danger to the community.

//
//
//

# I.

# FINDINGS OF FACT

A.  *Nature and Circumstances of the Offense Charged, 18 U.S.C. § 3142(g)(1)*

    1.    Defendant is charged in a complaint with Hobbs Act robbery and Aiding and Abetting, in violation of 18 U.S.C. §§ 1951 & 2. The alleged robbery was of a violent nature in that a robber brandished a gun towards jewelry store employees. The nature of the charged offense therefore weighs in favor of finding that Defendant is a danger to the community. The United States has also proffered that a video was found on Defendant's iCloud account showing Defendant possessing a firearm shortly after the robbery, something he is prohibited from possessing as a convicted felon. Accordingly, the nature and circumstances of the offense weigh in favor of detention.

B.  *Weight of the Evidence Against Defendant, 18 U.S.C. § 3142(g)(2)*

    Although this factor is to be given the least weight, there is probable cause to believe that Defendant committed the charged offense. It is alleged that Defendant engaged in a Hobbs Act robbery of a jewelry store in the Southern District of California. The robbery involved the brandishing of a firearm. As such, this factor favors detention.

C.  *History and Characteristics of Defendant, 18 U.S.C. § 3142(g)(3)*

    1.    Character: Defendant has been attending college, has no other probation violations, and has made strides to connect with his mother and family. On the other hand, videos have surfaced in which Defendant has illegally possessed a firearm while on probation. In balance, this factor is neutral.

    2.    Family Ties: Defendant has immediate family in the San Diego, California area. Accordingly, on balance, this factor weighs against detention.

    3.    Employment: Defendant appears to be gainfully employed. This factor weighs against detention.

    4.    Length of Residence in the Community: Defendant resides in San Diego, California. This factor weighs against detention.

5. Community Ties and Past Conduct: The proffered evidence for these factors is duplicative of evidence already considered. As a result, these factors will be treated as neutral.

6. History Relating to Drug or Alcohol Abuse: Although the Pre-trial Services report denotes that Defendant uses marijuana, there were no discernable addictions to drugs or alcohol. Accordingly, this favor weighs against detention.

7. Criminal History: Defendant's criminal history includes a single felony conviction for assault with a deadly weapon in violation of California Penal Code Section 245(a)(1). This event included the use of a BB gun. This factor favors detention.

8. Record Concerning Appearance at Court Proceedings and on Probation, Parole or Other Release: Defendant was on probation at the time of his offense in this case. As such, this factor weighs in favor of detention.

D. *Nature and Seriousness of Danger Posed by Defendant, 18 U.S.C. § 3142(g)(4)*

Defendant is presently charged with his second violent felony. The present felony involves the use of a firearm, and videos demonstrate Defendant's possession of a firearm shortly after the robbery. Although Defendant was previously exhibiting positive behavior on probation, this information exhibits a more dangerous and unpredictable side to Defendant's behavior. As such, this factor weighs in favor of detention.

## II.
## CONCLUSIONS REGARDING DETENTION

Based on the factors set forth in 18 U.S.C. § 3142(g), the United States has satisfied its burden of demonstrating by clear and convincing evidence that Defendant is a danger to the community, and that no condition or combination of conditions will reasonably assure the community's safety.

//
//
//
//

## III.

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by counsel for the defense and for the United States.

IT IS SO ORDERED.

DATED: 6/11/19

HON. LINDA LOPEZ
United States Magistrate Judge